E. Stanley Hart *vs.* Fidelia C. McLellan.

Androscoggin.    Opinion January 27, 1888.

*Promissory notes.    Protest, notice of.    Indorser.*

The holder of an indorsed note made no inquiries for the address of the indorser until after it was protested, and then inquired of an employee at the office of the firm from whom he received it, and sent the notice of protest to the address thus ascertained, which proved to be an incorrect address. *Held* that there was not reasonable diligence used to ascertain the correct address.

On report.

Assumpsit by an indorsee against the indorser of a promissory note dated at Cincinnati, October 1, 1884, for $1000, payable to the order of the defendant in two years with interest.    This note was actually indorsed by the defendant at Newport, Kentucky, in March, 1885, for the accommodation of the maker, and subsequently came into the possession of Hubbard Brothers of Philadelphia, for whom the plaintiff discounted it at the request and upon the written guaranty of Mr. A. H. Hubbard of that firm.

When the note became due the address of the defendant was at Lewiston, Maine.

The note was protested and notices of protest were sent to the plaintiff October 6, 1886, when he was at his house, sick.    He directed his book-keeper to inquire of Hubbard Bros. for the address of the defendant.    The book-keeper made the inquiry of an employee at the office of Hubbard Bros. and was informed that the address was Auburn, Maine, where the notice was sent and subsequently returned uncalled for according to the special request on the envelope.

The notice was finally received by the defendant at Farmington, Maine, October 22, 1886, by mail from the plaintiff's attorney in this case.

*J. W. Mitchell*, for the plaintiff.

As to the question of due diligence I would call the attention of the Court to the rule as laid down in *Saco National Bank* v. *Sanborn*, 63 Maine, 340 ; and see also 16 Maine, 249 ; 17 Maine, 360 ; 4 Howard, 336 ; 9 Howard, 552.

*N. and J. A. Morrill*, for the defendant, cited : *Hill* v. *Varrell*, 3 Maine, 233 ; *Peirce* v. *Pendar*, 5 Met. 353 ; *Hodges* v. *Galt*, 8 Pick. 251 ; Abbott's Tr. Ev. § 87, citing *Bank* v. *De Goot*, 7 Hun. 213 ; *Phipps* v. *Chase*, 6 Met. 491 ; *Spencer* v. *Bank of Salina*, 3 Hill, 520 ; *Porter* v. *Judson*, 1 Gray, 175 ; *Granite Bank* v. *Ayers*, 16 Pick. 392 ; *Wheeler* v. *Field*, 6 Met. 290 ; *Lowery* v. *Scott*, 24 Wend. 51 ; *Bank* v. *Corcoran*, 2 Pet. 121 ; (7 L. ed. 368,) 1 Pars. Cont. 278 ; *Stewart* v. *Eden*, 2 Cai. 121, and note in Lawyers' ed. bk. 2, p. 351 ; *Utica Bank* v. *De Mott*, 13 Johns. 432 ; *Bartlett* v. *Robinson*, 39 N. Y. 187 ; *Ticonic National Bank* v. *Bagley*, 68 Maine, 249 ; *Harrison* v. *Ruscoe*, 15 Mees. & W. 231 ; 3 Kent's Com. (8 ed.) 142, note *a*, citing *Fitler* v. *Morris*, 6 Whart. 406 ; 2 Dan. Neg. Inst. §§ 1045, 988, 989 ; *Turner* v. *Leech*, 4 B. and Ald. 451 ; *Roscow* v. *Hardy*, 12 East, 434 ; 2 Camp. 458 ; noted 1 Jacob Fisher's Dig. 1273 ; *Chapman* v. *Keane*, 3 Ad. and E. 193 ; *Lysaght* v. *Bryant*, 9 Man. G. and S. 46 ; *Page* v. *Gilbert*, 60 Maine, 487.

HASKELL, J. Assumpsit against the indorser of a negotiable promissory note payable at a place certain.

A careful consideration of the evidence fails to show legal notice to the defendant of the dishonor of the note.

The notice seasonably mailed was not addressed to a post-office in the city of defendant's residence, nor, as the authorities cited by defendant's counsel clearly show, was reasonable diligence used to ascertain the defendant's proper address.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.